## THOLEN v. BROOKLYN CITY R. CO.

### (City Court of Brooklyn, General Term. November 26, 1894.)

Appeal from trial term.

Action by John S. Tholen, as guardian ad litem of Anna Tholen, against the Brooklyn City Railroad Company. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Morris & Whitehouse, for appellant.

Shorter & Kurth (Thos. E. Pearsall, of counsel), for respondent.

OSBORNE, J. This action was brought to recover damages for injuries sustained by the above-named infant through the negligence of the defendant, which resulted in the amputation of both of her legs. Plaintiff obtained a verdict, and this appeal is taken from the judgment entered thereon and the order denying the motion for a new trial. Another action had been previously commenced by John S. Tholen, the father of the infant, against this defendant, for loss of services of his child on account of the injuries sustained by her, and that case was tried previous to this one. The plaintiff obtained a verdict, an appeal was taken therefrom, and an opinion was handed down at this general term, affirming that judgment. 30 N. Y. Supp. 1081. The testimony in both cases is substantially the same; indeed, we might safely say that the testimony of the motorman of the car in question in the present case tended more strongly to convict him of negligence than that given in the father's case. The grounds of appeal in this case are the same as those in the father's case, and consist of exceptions to denials of the motions to dismiss, made at the close of the plaintiff's case, and after all the testimony was in,

and also to certain refusals of the learned trial judge to charge as requested by defendant's counsel. No claim is made that the damages are excessive. We have carefully gone over all those exceptions in the opinion handed down in the father's case, and for the reasons stated in that opinion we have decided that none of the said exceptions were well taken. It follows, therefore, that the judgment and order appealed from herein must be affirmed, with costs.